```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
    DIVISION OF ST. THOMAS AND ST. JOHN
```

**IRA HAYWOOD,**            ) **D.C. CV. No. 2005-012**
    Petitioner,     )
                       ) Ref: CR. No. 2000-029
    v.                 )
                       )
**UNITED STATES OF AMERICA,** )
    Respondent.     )
_____ )

**Copies to:**
    Ruth Miller, Magistrate Judge
    Ira Haywood, Register No. 05409-094, Pro Se
    United States Attorney

## MEMORANDUM OPINION

**FINCH, Senior District Judge.**

Petitioner Ira Haywood ("Haywood" or "Petitioner") is before the Court on a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Court need not order an evidentiary hearing on the motion where, as here, "the motion and the files and records of the case conclusively show" that Haywood is not entitled to relief. *See* Rules Governing Section 2255 Proceedings, Rule 8; *United States v. Lilly,* 536 F.3d 190, 195 (3d Cir. 2008) (quoting *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 2

1989)).

## I.     FACTS AND PROCEDURAL HISTORY

Haywood and a co-defendant, Kevin White ("White"), were charged in a ten-count superseding indictment with the December 28, 1999 robbery of America's Bar and Poolroom in St. Thomas, U.S. Virgin Islands.[1] Haywood testified in his own defense at trial and denied any participation in the robbery.  He further testified that he did not stop the car he was driving when chased by police because he had marijuana and was fearful of being arrested on drug charges.  Haywood was convicted of interference with commerce by robbery (Count 1); possession of a firearm during the commission of a crime of violence (Count 2); robbery in the first degree (Count 4); possession of a firearm with an obliterated serial number (Count 5); and possession of a firearm within 1000 feet of a school

---

[1]     The March 2002 superseding indictment charged Haywood and White with the following offenses:  Count One charged both Haywood and White with interference with commerce, in violation of 18 U.S.C. §§ 1951 and 2; Count Two charged Haywood with possession of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2; Count Three charged White with possession of a short barreled shotgun during (and in relation to) a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2; Count Four charged both with robbery in the first degree, in violation of 14 V.I.C. §§ 1862(2) and 11; Count Five charged Haywood with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); Count Six charged White with possession of a shotgun during (and in relation to) a crime of violence, in violation of 14 V.I.C. § 2253(a); Count Seven charged both with possession of a firearm within a thousand feet of a school, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 2.  Counts Eight, Nine and Ten charged Haywood with separate offenses occurring before the robbery of the bar.  Those counts were severed and subsequently dismissed without prejudice.

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 3

(Count 7). He was sentenced by the Honorable Thomas K. Moore to a term of imprisonment of 125 months.

On appeal to the Court of Appeals for the Third Circuit ("Court of Appeals"), Haywood challenged the sufficiency of the evidence to support his conviction of robbery. He also argued that: (1) this Court's instruction on the charge of possession of a firearm with an obliterated serial number was erroneous; (2) the government failed to prove that he knew or had reason to believe that he possessed a firearm in a school zone as required under the statute; (3) the government did not produce sufficient evidence to show that the bar purchased goods or services from outside the Virgin Islands; (4) because his § 1951 interference with commerce by robbery conviction must be reversed, his § 924(c) possession of a firearm during a crime of violence must also be reversed because the § 1951 conviction is the predicate offense for a conviction under § 924(c); and (5) this Court erred by not dismissing the superseding indictment against him because the government either lost or destroyed the clothing he was wearing on the night of the robbery.

On April 8, 2004, the Court of Appeals held that: (1) Haywood's conviction for robbery was supported by the evidence; (2) the district court's failure to instruct the jury that knowledge of the obliterated serial number is an element of the crime of

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 4

possession of a firearm with an obliterated serial number was plain error (Count Five); (3) there was no showing that Haywood was aware that he was in a school zone during the robbery (Count Seven); (4) Haywood's conviction for interfering with interstate commerce by robbery was supported by the evidence; (5) the conviction for possession of a firearm during a crime of violence did not require conviction on the crime of violence as the predicate offense; and (6) Haywood waived his claim that the use of a Spanish interpreter who was not certified violated due process and his Sixth Amendment confrontation right. The Court of Appeals ordered that this Court's judgment of conviction and sentence entered on November 9, 2010, be affirmed as to Counts One, Two, and Four; reversed and vacated as to Count Five and remanded for a new trial; and reversed and vacated as to Count Seven and remanded with directions to enter a judgment of acquittal. *United States v. Haywood*, 363 F.3d 200 (3d Cir. 2004).

    Haywood's timely motion pursuant to 28 U.S.C. § 2255 is now before the Court. A Section 2255 motion is not a substitute for a direct appeal and serves only to protect a petitioner from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. *See Reed v. Farley*, 512 U.S. 339, 348 (1994); *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Cepero*, 224 F.3d

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 5

256, 267 (3d Cir. 2000).

## II. DISCUSSION

### A. Issues

In this motion pursuant to 28 U.S.C. § 2255, Haywood argues that he was denied his Sixth Amendment right to effective assistance of trial counsel. He specifically alleges:

> 1. That trial counsel, Gary Alizzeo, Esq. ("Att'y Alizzeo"), ignored his request to prepare a defense by persistently encouraging and advising him to plead guilty.
>
> 2. That Att'y Alizzeo failed to adequately cross-examine witnesses, Carmen Rodriguez, Duke Charles, Albert Harrigan, and Lucy Krigger.
>
> 3. That the District Court erred in failing to allow the withdrawal of trial counsel when both Haywood and Alizzeo informed the Court of the lawyer-client antagonism that existed prior to trial.

(§ 2255 Mot. at 3-4.)

### B. Standards of Review

To prevail on this § 2255 motion alleging constitutional error, Haywood must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also Petersen v. United States*, No. CV. 1998-066, 2003 WL 22836477, at *2 (D.V.I. Nov. 24, 2003). Even an error that may justify a reversal on direct appeal will not necessarily sustain a

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 6

collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979). Moreover, "given the myriad safeguards provided to assure a fair trial, and taking into account the reality of the human fallibility of the participants, there can be no such thing as an error-free, perfect trial, and . . . the Constitution does not guarantee such a trial." *United States v. Hasting*, 461 U.S. 499, 508-09 (1983).

To prevail on a claim of ineffective assistance of counsel, Haywood must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id*. at 690. The Court must review Haywood's claims under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 688. Second, Haywood must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id*. at 694-95. "[T]he court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 7

constitutionally competent counsel." *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir. 2002).

**C.   Whether trial counsel was ineffective in preparing a defense and by encouraging and advising Haywood to plead guilty.**

Haywood alleges that Att'y Alizzeo was ineffective in encouraging and advising him to plead guilty. (§ 2255 Mot. at 3.) At the outset, the court notes that even if Alizzeo had indeed encouraged Haywood to plead guilty, the fact is that Haywood did not plead guilty. Therefore, his claim that Att'y Alizzeo's performance was constitutionally defective was patently meritless. First, Haywood fails to state facts showing that counsel was unreasonable under *Strickland* in advising him to plead guilty. Second, Haywood cannot claim that he was prejudiced by a guilty plea when he did not accept Alizzeo's advice, and proceeded to trial.

**D.   Failure to call Alibi Witnesses.**

Haywood next argues that Alizzeo was ineffective in failing to adequately prepare for trial and, as a result, failed to contact alibi witnesses Andrew Williams and Ismel Forbes who knew Petitioner was "at a different location at the time the offense allegedly occurred." (§ 2255 Mot. at 4, 7.) The Court notes that Haywood took the stand in his own defense at trial. Haywood does not state in this § 2255 motion where he was when the robbery

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 8

occurred, or specifically what his two alibi witnesses would have testified to had they been called to testify, other than that he was "at a different location." Rule 4(b) of the Rules Governing Section 2255 Proceedings permits a district court to dispose of "vague and conclusory allegations" in a § 2255 motion without further investigation.

Nonetheless, courts have held that a failure to investigate can constitute ineffective assistance of counsel. *See McAleese v. Mazurkiewicz,* 1 F.3d 159, 172 (3d Cir. 1993). In this case, Haywood alleges that Att'y Alizzeo did not call the alibi witnesses because he was of the opinion that their testimony would not be strong enough to positively impact Haywood's defense. (§ 2255 Mot. at 5.) When an attorney for a defendant does conduct investigation, however, "strategic choices [made thereafter] are virtually unchallengeable...." *McAleese*, 1 F.3d at 172. Thus, courts have found that the determination on whether to call a witness lies soundly with the trial counsel, not the defendant. *Government of Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1434 (3d Cir. 1996). Att'y Alizzeo's strategic decision not to call the alibi witnesses fell within the wide range of reasonable professional assistance contemplated by the first prong of *Strickland*. Having failed to satisfy the first prong, the Court

Case: 3:00-cr-00029-TKM   Document #: 133   Filed: 12/07/10   Page 9 of 12

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 9

need not proceed to an analysis of prejudice under the second *Strickland* prong.

### E. Att'y Alizzeo did not fail to adequately cross-examine witnesses.

Haywood argues that Att'y Alizzeo failed to adequately cross-examine witnesses to expose inconsistent testimony and to "bring into question the character of those who work at, or frequent" the bar.  (§ 2255 Mot. at 6.)  Haywood argues that Alizzeo was ineffective during cross-examination in failing to expose Duke Charles' ("Charles") allegedly "inconsistent" testimony which varied from the testimony of other government witnesses.  (*Id*. at 5.)  Of particular importance to Haywood's argument is his contention that although the other witnesses in the bar testified that the robbers wore masks, Charles testified that from his vantage point outside the bar, the robbers were unmasked.  It is incumbent on Haywood to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

As the Court of Appeals noted, "Charles testified that both men were unmasked *before they entered* the bar, but Santiago and Rodriguez testified that the robbers were masked *when they entered* the bar." *Haywood*, 363 F.3d at 204 (emphasis added).  The Court of

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 10

appeals found that it was "disingenuous to claim that the evidence was insufficient to convict Haywood of robbing the bar." *Id.* at 205-06.

The first prong of *Strickland* requires that Petitioner show that, considering the facts of the case, his counsel's challenged actions in cross-examining the witnesses was unreasonable. *See Strickland*, 466 U.S. at 690. This, he has not done. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Moreover, even if the Court were to find that Att'y Alizzeo's assistance was unreasonable, which it does not, Haywood would not be able to satisfy the second prong of *Strickland*. That second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Here, there was substantial evidence in support of Haywood's conviction for robbery, interference with interstate commerce, and possession of a firearm during a crime of violence.[2]

---

[2] The following evidence was presented at trial.:

Carmen Rodriguez, a customer in America's Bar and Poolroom, testified that she saw two masked men come into the bar and demand money. The men entered with two guns, a big one and a small one. She said she was scared and threw $15 at the masked robbers.

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 11

### III. CONCLUSION

---

  Duke Charles, a cab driver who lives next door, approximately fifty feet from the bar, saw two men standing outside the bar at approximately 8:00 p.m. on the night of the robbery. One man pulled a small black gun from his waist, and the two men then entered the bar. Charles testified that the two men wore white T-shirts and were not wearing masks when he saw them enter the bar. He immediately called the police on his cell phone, then ran up stairs to the roof of the building. Charles testified that from the roof, he heard voices saying, "This is a hold-up. Give me the money." Charles also testified that he saw the men leave the bar and walk up the street towards the Tower Apartments. Shortly thereafter, Charles observed a green car come down the street carrying the same two men that he had observed entering and leaving the bar. Charles was in constant contact with the Virgin Islands Police Department from the time of his initial call until he saw the police approaching. He saw the green car with the two men inside stop at a stop light before making a left turn and heading in an easterly direction. Charles conveyed this information to the police and watched as the police chased the green car with the two men inside. However, Charles was unable to identify the two robbers in court.
  Police Dispatcher Lucy Krigger testified that Charles gave the police the license plate number of the car the robbers were driving.
  Virgin Islands Police Officer Alphonso Boyce testified that he and Officer Conrad Gilkes heard the radio transmission regarding a robbery in progress and proceeded to the area. Boyce also heard the subsequent transmission regarding the direction of the green car. He then saw the car and gave chase.
  The green car eventually crashed into a pole in the area of the Enid Bea Public Library. Ira Haywood, the driver, and Kevin White, the passenger, were ordered out of the car. When Haywood got out, Boyce saw part of a gun fall from Haywood's waist. A search of the car disclosed the bottom portion of the firearm, a shotgun, ammunition, a ski mask, gloves, tools and numerous coins. Federal Bureau of Investigation hair and fiber expert, Sandra Koch, later matched hair fiber samples from Haywood with hair fiber found in the ski mask recovered from the car.
  Virgin Islands Police Detective David Monoson found a shotgun between the seats of the car Haywood was driving. A firearm frame and magazine were also found under the driver's seat. Monoson testified that $15 was found on the dash board of the car, $27 was removed from blue pants on the pavement outside the car and coins were found on the driver's side of the car. Monoson further testified that the handgun had been manufactured in California and the shotgun had been manufactured in Connecticut.

*See Haywood*, 363 F.3d at 204-05 (3d Cir. 2004).

*Haywood v. USA*
D.C. CV. NO. 2005-12
Memorandum Opinion
Page 12

    For the reasons stated, the Court will deny Haywood's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  An appropriate order follows.

    **DATED** this <u>7th</u> day of December 2010.

                          **E N T E R:**

                          /s/ Raymond L. Finch
                          _____
                          **RAYMOND L. FINCH**
                          **SENIOR DISTRICT JUDGE**